IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VICTORIA LIZ ALBERTY VÉLEZ,

Plaintiff

v.                                             CIVIL 96-1487 (SEC) (JA)

CORPORACIÓN DE PUERTO RICO
PARA LA DIFUSIÓN PÚBLICA, et al.,

Defendants

## OPINION AND ORDER

This matter is before this court on plaintiff Victoria Liz Alberty Vélez' (hereinafter "Alberty") urgent motion for partial reconsideration filed on August 6, 2002. (Docket No. 224.) Defendant Corporación de Puerto Rico para la Difusión Pública (hereinafter "WIPR") filed an opposition to plaintiff's motion for partial reconsideration on August 15, 2002. (Docket No. 227.) Subsequently, plaintiff filed a motion requesting leave to reply to defendant's opposition as well as their reply to defendant's motion. (Docket No. 231.) Plaintiff requests partial reconsideration and/or relief from the order dismissing the complaint in its entirety (Docket No. 223), pursuant to Federal Rule of Civil Procedure 60. (Docket No. 224, at 2.) Plaintiff argues that there is controversy as to WIPR's business justification for their employment decision to not renew Alberty's contract as host of the program "Desde Mi Pueblo." Plaintiff maintains that prior to the trial, the defendant declared that the decision to not hire Alberty back was due to the problems she was having with Ms. Deborah Carthy Deu. Moreover, plaintiff argues that during trial defendant WIPR offered, as their business decision to not retain Alberty as a host, their desire to make changes to the format of the show and their need to look for someone that could give the program what they were looking for. As a result, plaintiff argues that the

CIVIL 96-1487 (SEC) (JA)                    2

defendant's offering disparate reasons for not hiring Alberty back on the show during different stages of the case is an "outright contradiction bordering on perjury." (Docket No. 224, at 5.)

In addition, plaintiff also claims that there is evidence in the record that shows that had Alberty not been on maternity leave, her employment would not have been terminated. The evidence presented by the plaintiff in order to sustain these allegations is a statement made by Inserni at a deposition in which he expressed that "Ms. Carthy Deu and Mr. Rivera did not suffer the same peril as Alberty because they were still in the program." (Docket No. 224, at 7.) Based on this evidence plaintiff argues that she received differential treatment in her workplace due to the fact that she was on maternity leave. (Docket No. 224, at 7.) Furthermore, plaintiff contends that WIPR issued an official press release stating that the plaintiff was being replaced by María Falcón in the program "Desde Mi Pueblo" because she was retiring to take care of her new born son. Plaintiff, claiming the statement was false, asked the defendant to retract what had been published but received no response or action from the defendant. Hence, plaintiff sustains that the evidence presented is sufficient for a reasonable jury to infer discriminatory animus against Alberty based on her pregnancy. (Docket No. 224, at 8.) Plaintiff also claims that the order issued by this court is inconsistent with the First Circuit's mandate in <u>Alberty-Vélez v. Corporación de Puerto Rico para la Difusión Pública</u>, 242 F.3d 418, 422 (1st Cir. 2001), and asserts that the court dismissed the cased *sua sponte*. Lastly, plaintiff sustains that the proper course of action to follow should have been to hold the trial plaintiff was previously denied. (Docket No. 224, at 9.)

Defendant claims that plaintiff Alberty has failed to demonstrate that the decision taken by the defendant to not renew plaintiff's contract after her pregnancy was due to her being pregnant. (Docket No. 227, at 5.) Defendant also argues that by supplementing

CIVIL 96-1487 (SEC) (JA)                            3

their interrogatories and stating that they wanted a change in the format for the show in no way contradicts or makes false Inserni's explanation that he considered Alberty as one of the candidates for the new artistic concept which he had in mind for the program but decided to go with Mrs. Falcón because she was better suited for the part. (Docket No. 227, at 6.) Defendant also argues that the answers given in the interrogatories do not imply nor convey that Inserni's intention was to solely base his decision to not renew Alberty's contract on the fact that Alberty had problems with Ms. Carthy Deu. As to plaintiff's claim regarding the alleged *sua sponte* summary judgment entered by this court, defendant contends that it had requested such determination from the court on various occasions and in the alternative argues that under Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996), the court may enter a summary judgment *sua sponte*. (Docket No. 227, at 10-11, ¶ 8-9.) Thus, defendant asks this court to deny plaintiff's motion for partial reconsideration. (Docket No. 227, at 15.)

In order for plaintiff to succeed in her discrimination claim against defendant WIPR, she has to establish a *prima facie* case of pregnancy discrimination. Once the plaintiff meets this standard, the evidentiary burden shifts to the defendant to articulate a non-discriminatory reason for taking the adverse action towards the plaintiff. See Green v. New Balance Athletic Shoe, Inc., 182 F. Supp. 2d 128, 135 (D. Me. 2002.) Subsequently, the burden then shifts back to the plaintiff to show that the reason articulated by the defendant was pretextual. Id. As we stated before "[a] reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." Figueroa-López v. Hilerio-Padilla, 200 F. Supp. 2d 78, 83 (D.P.R. 2002) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515(1993)); see also Feliciano De La Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 6 (1st Cir. 2000); Conward v. Cambridge Sch. Comm., 171 F.3d 12, 19 (1st Cir. 1999).

CIVIL 96-1487 (SEC) (JA)                4

This court has already determined that plaintiff Alberty had established a *prima facie* case of discrimination against the defendant. (Docket No. 223, at 28-29.) In addition, it has also been established that plaintiff has failed to demonstrate that the reason given by the defendant was false as well as pretextual. Plaintiff in her motion for partial reconsideration does not present additional evidence which establishes that defendant's reason for not renewing plaintiff's contract was pretextual. The statements made by Inserni affirm that his decision would have been made whether Alberty was pregnant or not and in no way suggest that the only reason the plaintiff was replaced was because she was on maternity leave. Consequently, the statements made as to the reason why the plaintiff was replaced do not propose or reveal a discriminatory animus towards the plaintiff nor that she received differential treatment due to her pregnancy. In sum, plaintiff has failed to offer additional evidence establishing that the reason for her replacement was false and that discrimination was the real reason behind said action. Plaintiff's argument regarding the court's alleged *sua sponte* summary judgment also lacks merit. "It is apodictic that trial courts have the power to grant summary judgment sua sponte. ... Thus, before the court can seriously consider sua sponte summary judgment, two conditions precedent must be satisfied: (1) the case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered, and (2) the target must have received appropriate notice." Rogan v. Menino, 175 F.3d 75, 79 (1st Cir.), cert. denied, 528 U.S. 1062 (1999) (citations omitted); see Berkovitz v. Home Box Office, Inc., 89 F.3d at 29. These two requirements have been complied with.

In view of the above, plaintiff's motion for partial reconsideration is DENIED.

In San Juan, Puerto Rico, this 18th day of September, 2002.

JUSTO ARENAS
United States Magistrate Judge